UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. McPHEETERS, | No. 2:14-cv-0270 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY SHERIFF'S DEPT., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a
2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
3  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12  Cir. 1989); Franklin, 745 F.2d at 1227.
13    In order to avoid dismissal for failure to state a claim a complaint must contain more than
14  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
18  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
21  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
22  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
23  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24  U.S. 232, 236 (1974).
25    Here, plaintiff alleges that while he was riding in the back of a jail transport van in June
26  2013, non-defendant Deputy Legg slammed on the brakes, causing the open back door to slam
27  shut.  The door hit plaintiff in the face, breaking his glasses and causing him to suffer headaches,
28  blurred vision, and nightmares.  (ECF No. 1 at 3.)

Plaintiff names the Butte County Sheriff's Department as the sole defendant in this action. "Municipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dept. of Soc. Servs., 436 U.S. at 690.  However, a municipal entity or its departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Board of County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404 (1997).  A local governmental entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)); see also Monell, 436 U.S. at 690–91. "[A] policy is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Oviatt, 954 F.2d at 1477 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84 (1986)).

Plaintiff has not alleged that Deputy Legg was acting according to a policy or custom of the Butte County Sheriff's Department.  Moreover, mere negligence is not actionable under §1983 in the prison context. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  For these reasons, plaintiff's complaint is frivolous and must be dismissed.  The court will grant plaintiff one opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

1  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
2  Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10      In accordance with the above, IT IS HEREBY ORDERED that:
11      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
12      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
13 shall be collected and paid in accordance with this court's order to the Director of the California
14 Department of Corrections and Rehabilitation filed concurrently herewith.
15      3. Plaintiff's complaint is dismissed.
16      4. Plaintiff is granted thirty days from the date of service of this order to file an amended
17 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
18 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
19 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
20 two copies of the amended complaint; failure to file an amended complaint in accordance with
21 this order will result in a recommendation that this action be dismissed.
22 Dated: April 7, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

28 2 / mcphe0270.14.new